UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DALE BROWN,

          Plaintiff,

vs.                                 Case No.  3:13-cv-216-J-34TEM

AUDIO IMAGES INTERNATIONAL, INC.,
a Florida for-profit company, PHILIP L. AXT,
JR., and DONNA L. REED,

          Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Second Joint Motion for Approval of Revised Settlement Agreement, and for Dismissal with Prejudice (Doc. 23), filed July 19, 2013.[2]  This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.*  The parties have reached a settlement agreement and seek court approval of that agreement.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The Court found the parties' original Joint Motion for Approval of Settlement Agreement and proposed Settlement Agreement filed on July 11, 2013 contained inappropriate provisions (Doc. 21-1).  Therefore, the Court entered an Order directing the parties to file a revised Settlement Agreement (Doc. 22).  The parties filed the instant motion with a revised Settlement Agreement on July 19, 2013 (Doc. 23).

be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Before approving an FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the revised settlement agreement, the Court finds that it is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *See id.* at 1354-55. The Court further finds that the agreed-upon fee and costs to be paid to Plaintiff's counsel was determined independently, did not affect the payment to Plaintiff, and otherwise appears to be reasonable. Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be

paid to plaintiff's counsel."); s*ee also Hernandez v. Avalon Grp. Se., LLC*, No. 6:12-cv-99-Orl-22TBS, 2012 WL 4052351, at *3 (M.D. Fla. Aug. 28, 2012), adopted at 2012 WL 4052345 (finding the amount of fees agreed upon by the parties "within the range of reason" without documentation or testimonial support); *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) ("[A]n in depth analysis [of the reasonableness of attorneys fees] is not necessary unless the unreasonableness is apparent from the face of the documents.").

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

The parties' Second Joint Motion for Approval of Revised Settlement Agreement, and for Dismissal with Prejudice (Doc. 23) should be **GRANTED** and the Settlement Agreement (Doc. 23-1) should be **APPROVED** by the District Court.  It is further respectfully recommended the case should be **DISMISSED** with prejudice pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

**DONE AND ENTERED** in Jacksonville, Florida this 6th day of August, 2013.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

Hon. Marcia Morales Howard
United States District Judge

Counsel of Record